**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Crittenden, ) | No. CV-12-1854-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Murphy; Barth; McNeelans; Bishops; et al., ) | |
| Defendants. ) | |

This matter arises on the Court's review of the file. Pursuant to the Rules of Practice for the United States District Court for the District of Arizona ("Local Rules" or "LRCiv") 3.8(a), effective December 1, 2011, this civil action has been assigned to the undersigned United States Magistrate Judge.

**I. Background**

On August 31, 2012, *pro se* Plaintiff filed a 31-page Complaint against, at least, 47 defendants, including three judges, numerous individuals, businesses, the National Football League, municipalities, several state counties, and federal governmental agencies, alleging claims and issues that are wholly incomprehensible, illogical, and fanciful. (Doc. 1) For example, Plaintiff, apparently an El Paso, Texas resident, writes immediately following the Complaint's caption:

> Plaintiff's efforts dedicated to the HERO AGENT OF THE SIS, HERO OSSer, to Rick who died of the consequences while trying to help the ptf., and to the HERO Sunday School Teacher of Clearlake; for the forces of light against those of darkness typified by the scowl of the "lead devil worshiper next door", when he heard a ditty played on the French horn:

> JESUS LOVES THE LITTLE CHILDREN
> ALL THE CHILDREN OF THE WORLD
> RED AND YELLOW BLACK OR WHITE
> THEY ARE EQUAL IN HIS SIGHT
> JESUS LOVES THE LITTLE CHILDREN
> OF THE WORLD

(*Id.* at 1)  The Complaint then repeats the caption and states to the right of a second caption:

> CRIMES AGAINST HUMANITY
> CRIMES AGAINST PEACE & CHILDREN
> § 21 CAUSE & EFFECT/HOLOCAUST LOGIC
> 2000 DRUG TERRORISM ACT

(*Id.* at 2)

After an "Introduction," Plaintiff alleges

> [t]his Complaint is advanced against the justice department (JD) on the problem of repeated attempts to "hide the drug using judge", which is again relevant to other recent events before HONORABLE COURTs. The allegation is as significant now as it was when ptf [plaintiff] was suing in San Francisco when HON. Chief Magistrate Larson (1) had no real concern for the ptf, but advanced for his own cause, or that of the JD when he assumed the ptf's complaint, and when it had already been assigned to one of the believed drug users (). . . Ptf has repeated described the problems encountered with the "tall judge" on leaving the court house, . . . (2) this being when ptf observed the mania of the repeatedly described "tall judge" on two significant occasions. . . .

(*Id.* at 4-5) The Court speculates that Plaintiff is a disgruntled litigant who presumably had case-related dealings with the Hon. (ret.) James L. Larson, former Chief U.S. Magistrate Judge, United States District Court for the Northern District of California, which is located in San Francisco. *See* James Larson, *Daily Journal*, Ryne Hodkowski, September 7, 2012. While seemingly accusing him of illicit drug usage yet not specifically naming him in the caption, the Complaint fails to allege what Judge Larson, or the other defendant judges for that matter, did or failed to do that allegedly caused damage or injury to Plaintiff.

Toward the end of the Complaint, the wherefore or demand clause itemizes seven unintelligible and rambling statements, which are not specific requests for judicial relief. (*Id.* at 29-31) Even crediting *pro se* Plaintiff's Complaint to the less stringent standard than those

- 2 -

1  prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), the Complaint is wholly irrational and incomprehensible. Moreover, there is no allegation that the District Court of Arizona has jurisdiction over Plaintiff's "claims" or that venue is proper in this District.

On August 31, 2012, Plaintiff filed a completed and signed Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2) The Court issued a Notice of Assignment and Order, directing Plaintiff to, among others, either voluntarily elect to consent to the undersigned Magistrate Judge or proceed before a United States district judge on or before Monday, September 17, 2012. (Doc. 4)

## II. Screening

In cases wherein a plaintiff is requesting to proceed *in forma pauperis*, a district court is required to screen the complaint and must dismiss the case if the court determines that the allegation of poverty is untrue, the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[s]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Long*, 2012 WL 588965, at *1.

Section 1915(e)(2) provides that the district court "shall dismiss a case at any time if it determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must be dismissed for

- 3 -

failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-30 (1989); *Muhammad v. Phoenix Police Dept.*, 2008 WL 447523, at *1 (D. Ariz. Feb. 14, 2008). Moreover, a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) only if it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 328. "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

**III. Jurisdiction**

"Federal courts are courts of limited jurisdiction[,]" and "[i]t is presumed that an cause lies outside[]" the jurisdiction of federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co.* 511 U.S. 375, 377 (1994). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citation omitted). "To overcome that presumption at the pleading stage, the plaintiff must provide a 'short and plain statement of the grounds for the court's jurisdiction.'" *Quantum Information Specialists v. U.S. Government*, 2011 WL 2693959, at *1 (D. Ariz. July 12, 2011) (quoting Fed.R.Civ.P. 8(a)(1)).

Generally speaking, federal courts have subject-matter jurisdiction over all civil

actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or actions between citizens of different states. *See* U.S. Const. Art. III, § 2; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996) ("The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States."). For a case to "arise under" federal law, a complaint must establish "either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). For a federal court to have diversity jurisdiction, the amount in controversy must exceed the sum of $75,000.00, exclusive of interest and costs, and the action must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties - each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.") (citation omitted). Federal "jurisdiction may not be plead on information and belief." *Lieberman & Assocs. v. GVSW Surprise Plaza LLC*, 2009 WL 1476996, at *1 (D. Ariz. May 26, 2009) (citation omitted).

**IV.  Failure to State a Claim**

The Court advises Plaintiff that although a *pro se*'s pleadings may be held to a less stringent standard than those prepared by attorneys, *Rand*, 154 F.3d at 957 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, *pro se* litigants "must meet certain minimal standards of pleading." *Ticktin v. C.I.A.*, 2009 WL 976517, at *4 (D. Ariz. April 9, 2009) (citation). A *pro se*

- 5 -

1  "complaint that . . . fails to plainly and concisely state the claims asserted . . . falls short of
2  the liberal and minimal standards set out in Rule 8(a)." *Id.* (citation omitted).

3          Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and
4  plain statement of the claim showing that the pleader is entitled to relief." *Id*. While Rule 8
5  does not demand detailed factual allegations, "it demands more than an unadorned,
6  the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7  (2009). "Threadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice." *Id*. In other words, "a plaintiff's obligation to provide
9  the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
10 formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v.
11 Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to
12 relief above the speculative level . . . ." (*Id.*)

13          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
14 claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550
15 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the
16 court to draw the reasonable inference that the defendant is liable for the misconduct
17 alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a
18 context-specific task that requires the reviewing court to draw on its judicial experience and
19 common sense." *Id*. at 679 (citation omitted). "But where the well-pleaded facts do not
20 permit the court to infer more than the mere possibility of misconduct, the complaint has
21 alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' Fed. Rule Civ. Proc.
22 8(a)(2)." *Id*.

23          Federal Rule of Civil Procedure 8(a) and (d), Fed.R.Civ.P., provide:
24          (a) Claim for Relief. A pleading that states a claim for relief must contain:
25          (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
26
27          (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
28

- 6 -

1   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

\*      \*      \*      \*      \*

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

\*      \*      \*      \*      \*

Rule 8, Fed.R.Civ.P.

Thus, Rule 8(a), after *Twombly* and *Iqbal*, requires a short and plain statement providing factual evidence that logically leads to a plausible claim for relief against each defendant. The Complaint completely fails to comply with Rule 8(a) in this regard.

**V. Leave to Amend**

Leave to amend a complaint should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). In the Ninth Circuit, a *pro se* litigant must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Marinov v. Fed. Nat'l. Mortg. Ass'n*, 2012 WL 136003, at \*3 (D. Ariz. Jan. 18, 2012) (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)); *see also Schrock v. Fed. Nat'l. Mortg. Ass'n*, 2011 WL 3348227, at \*9 (D. Ariz. Aug. 3, 2011) (quoting *Lopez*, 203 F.3d at 127). It is not "absolutely clear" at this time that the deficiencies in the *pro se* Complaint can not be cured by amendment to allege subject-matter jurisdiction and sufficient factual allegations to support a plausible claim(s). A district court may not, however, advise a *pro se* or any litigant how to cure pleading defects. This type of advice "would undermine [trial] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n. 13 (declining to decide whether the court was required to inform a litigant of deficiencies).

**VI. Discussion**

Simply stated, the Complaint fails to comply with several critical components of Rule 8(a) of the Federal Rules of Civil Procedure. Initially, the Complaint's thirty-one pages

- 7 -

1  hardly qualify as a "short and plain statement of the claim showing that the pleader is entitled
2  to relief" as required by Rule 8. The Court is unable to determine from the Complaint
3  precisely what causes of actions Plaintiff is alleging. The Complaint names many defendants,
4  but fails to state clearly what wrongs each defendant is alleged to have committed. As a
5  result, the Complaint, most certainly, fails to allege a viable claim upon which relief may be
6  granted against any defendant.

      Substantively, the Complaint's allegations fall into the categories of frivolous, irrational, wholly incredible, and malicious. *See, e.g., God v. Arizona State Univ.*, 2007 WL 1539324, at *1 (D. Ariz. May 24, 2007) (*pro se* plaintiff, God, claimed the defendant university was infringing his copyright by using his "autobiography," namely, "Bible," without paying plaintiff royalties was dismissed with prejudice as "both fanciful and factually frivolous") (citing *Denton*, 504 U.S. at 33) (dismissal appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional."); *Yacoub v. United States*, 2007 WL 2745386 (W.D. Wash. Sept. 20, 2007) (*pro se* complaint dismissed as frivolous which alleged defendants "used toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and bodily functions."); *King v. United States*, 2006 WL 1375090 (W.D. Wash. May 18, 2006) (dismissing as frivolous *pro se* plaintiff's complaint alleging that he was a victim of "mind torture via satellite technology" operated by the United States); *Mercier v. United States Dist. Court*, 2006 WL 3751588 (D. Nev. Dec. 15, 2006) (dismissing as frivolous *pro se* plaintiff's claims that President Bush ordered the U.S. Army to fly helicopters over his house and office and he was being bugged by aliens); *McConnell v. Woods*, 2006 WL 3782858 (D. Nev. Dec. 20, 2006) (dismissing as frivolous *pro se* plaintiff's claims that plaintiff was kidnaped by terrorists and the Charles Manson gang; her thirteen children were murdered and no police investigation followed; her identity had been stolen, and the police were not using her correct fingerprints.).

      The Complaint also appears to have been maliciously filed, if filed with the intention

- 8 -

or desire to harm Judge Larson and the other defendant judges to sully their reputation as drug-using judges. *Andrews*, 398 F.3d at 1121. Moreover, because the Supreme Court has held that judges generally enjoy immunity from suits seeking money damages,[1] the Complaint fails to state a claim against Judge Larson and the other defendant judges. *See Mireles v. Waco*, 502 U.S. 9 (1991) (collecting cases); *Pryor-Kendrick v. Gunn*, 2006 WL 3542922 (W.D. Ark. December 8, 2006); *Azubuko v. Adams*, 2005 WL 2415943 (N.D. Tex. Sept. 29, 2005).

**VII. Warning**

Plaintiff will be given a single opportunity, if he so chooses, to amend his Complaint and file it by the deadline set later herein. In the amended complaint, Plaintiff must factually state what rights he believes were violated against him or set forth the claims he has against others in compliance with Rule 8(a), *Twombly*, and *Iqbal*. Each claim or cause of action must be set forth in a separate count. The amended complaint must also state why the federal court has jurisdiction over Plaintiff's claims and why venue is proper in this District Court. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a) (and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is advised that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1965) (affirming dismissal

---

[1] Two exceptions to the rule of judicial immunity exist. The first exception is that judicial immunity does not shield "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. The second exception is that judicial immunity does not protect "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12.

- 9 -

1  without leave to amend second complaint that was "so verbose, confused and redundant that
2  its true substance, if any [was] well disguised"). If Plaintiff fails to prosecute this action, or
3  if he fails to comply with the rules or any court order, the Court may dismiss the action with
4  prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v.*
5  *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.
6  1995).

7  An amended complaint supersedes any prior complaint. *Ferdik* , 963 F.2d at 1262;
8  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After
9  amendment, the Court will treat any prior complaint as nonexistent. *Ferdik*, 963 F.2d at
10  1262; *Alexander v. Winn*, 2012 WL 176499, at *3 (D. Ariz. Jan. 23, 2012).

11  Because Plaintiff fails to state a claim upon which relief may be granted and his
12  allegations are frivolous, irrational, and wholly incredible, the Court will order Plaintiff to
13  file an amended complaint or this action will be dismissed in accordance with 28 U.S.C. §
14  1915(e)(2)(B).

15  Based on the foregoing,

16  **IT IS ORDERED** that if Plaintiff seeks to bring an amended complaint, the amended
17  complaint must be filed on or before **Friday, September 28, 2012**. The Complaint must
18  demonstrate subject-matter jurisdiction on its face, allege plausible claims upon which relief
19  may be granted against each defendant, be consistent with this order, set forth sufficient
20  specific facts regarding each party's citizenship and domicile, and comply with the Local
21  Rules.

22  **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall
23  hereinafter comply with the Rules of Practice for the United States District Court for the
24  District of Arizona. The District's Rules of Practice may be found on the District Court's
25  internet web page at www.azd.uscourts.gov/. All other rules may be found as
26  www.uscourts.gov/rules/.

27  **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall use
28

- 10 -

1  the above caption, number and initials until further order of the Court.

2  Dated this 10th day of September, 2012.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge