**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William C. Crittenden,          ) | No. CV-12-1854-PHX-LOA |
| )| |
| Plaintiff,          ) | **ORDER** |
| ) | |
| vs.          ) | |
| ) | |
| Murphy, Barth, McNeelans, Bishops, ) | |
| et al.,          ) | |
| ) | |
| Defendant.          ) | |

Plaintiff filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on August 31, 2012. (Doc. 1)

On September 10, 2012, the Consent to Exercise of Jurisdiction by United States Magistrate Judge, doc. 3, that was mailed to the address which Plaintiff provided, was returned to the Court as "undeliverable" and "[u]nable to forward." (Doc. 7)  Upon review of the docket, the Court notes that Plaintiff listed two addresses on his Complaint. (Doc. 1)  The referenced Consent to Exercise Jurisdiction, doc. 3, was mailed to only one of the addresses.  Neither the Notice of Assignment and Order, doc. 4, nor the Order dated September 10, 2012, doc. 6, were returned as undeliverable.

Local Rule of Civil Procedure ("LRCiv") 83.3(d) states that "[a]n attorney or an unrepresented party must file a notice of a name or address change . . . no later than fourteen (14) days before the date of the change. . . ."  It is not apparent that Plaintiff has done so. Additionally, Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, a

1 plaintiff who has filed a *pro se* action must keep the Court apprised of his or her current address and comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see also Vasquez v. Kunaseth*, 2006 WL 2307302, at *1 (D. Ariz. August 9, 2006). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

However, because it is not evident which address is the proper address for Plaintiff, the Court will direct the Clerk of Court to mail this Order and re-mail the Consent to Exercise of Jurisdiction by United States Magistrate Judge, doc. 3, the Notice of Assignment and Order, doc. 4, and the Order dated September 10, 2012, doc. 6, to Plaintiff at the 1208 Myrtle Avenue, El Paso, Texas 79901 address.

Plaintiff is reminded that he must keep the Court apprised of any address changes in accordance with the Local Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that the Clerk of Court kindly mail this Order and re-mail the Consent to Exercise of Jurisdiction by United States Magistrate Judge, doc. 3, the Notice of Assignment and Order, doc. 4, and the Order dated September 10, 2012, doc. 6, to Plaintiff at the 1208 Myrtle Avenue, El Paso, Texas 79901 address.

**IT IS FURTHER ORDERED** extending the time for Plaintiff to comply with the Court's Notice of Assignment and Consent to Exercise Jurisdiction by United States Magistrate Judge, doc. 4, until and including September 21, 2012.

**IT IS FURTHER ORDERED** affirming the Court's Order, doc. 6, and deadline to file an amended complaint in accordance with that Order, by September 28, 2012.

**IT IS FURTHER ORDERED** that Plaintiff must keep the Court apprised of any address changes in accordance with the Local Rules of Civil Procedure.

Dated this 12th day of September, 2012.

Lawrence O. Anderson
United States Magistrate Judge